# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY L. BELL,<br><br>                Plaintiff,<br><br>    v.<br><br>K. HARRINGTON,<br><br>                Defendant.<br>_____/ | CASE NO. 1:10-cv-00714-AWI-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 7)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Corey L. Bell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 23, 2010. (Doc. 1.) On July 23, 2010, Plaintiff filed a motion for a preliminary injunction requesting that officials at Kern Valley State Prison be required to provide him with clean drinking water. (Doc. 7.) Plaintiff is currently housed at Centinela State Prison.

The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Additionally, when an inmate seeks injunctive or declaratory relief concerning the prison

where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at Kern Valley State Prison, the injunctive relief he is seeking is moot and his request for injunctive relief should be denied.

### III.  Conclusion and Recommendation

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's request for preliminary injunction be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 30, 2010

UNITED STATES MAGISTRATE JUDGE