UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY L. BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>K. HARRINGTON,<br><br>    Defendant. | CASE NO. 1:10-cv-00714-AWI-GBC (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND ALLOWING LEAVE TO AMEND<br><br>(Doc. 1) |

**I.** **Procedural History**

Plaintiff Cory Bell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2010, Plaintiff filed the original complaint which is presently before this Court. (Doc. 1).

**II.** **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

'Under § 1915A, when determining whether a complaint states a claim, a court must accept

1

as true all allegations of material fact and must construct those facts in the light most favorable to the plaintiff.' *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000). 'Additionally, in general, courts must construe pro se pleadings liberally.' *Id.* A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III.     Plaintiff's Complaint

Plaintiff is a state prisoner at Centinela State Prison in Imperial, California. The acts he complains of occurred at Kern Valley State Prison (KVSP) in Delano, California. In the complaint, Plaintiff names Warden K. Harrington ("Defendant") in his official capacity as the defendant in this action. It is unclear what remedy Plaintiff seeks It is unclear what remedy Plaintiff seeks. In his complaint, Plaintiff states that administrative remedies are exhausted because monetary compensation is outside the scope of the administrative process. (Doc. 1 at 2). However, in response to form that directs Plaintiff to state what relief he requests from the Court, Plaintiff appears to only be seeking injunctive relief, seeking the Court to assist him "in suing the defendants in this case. Also getting the water fixed and/or transferring [Plaintiff] to another prison." (Doc. 1 at 3). If Plaintiff chooses to amend his complaint, he is advised to clarify whether or not he is seeking monetary damages.

Plaintiff alleges that he is being forced to drink unclean and poisonous water that contains "E-coli" and "Arsenic" and will cause cancer. (Doc. 1 at 3). Plaintiff states that the officials refuse to provide an alternative source of water in blatant disregard to his health and safety. (Doc. 1 at 3). Plaintiff alleges that prison officials have been given funds to install a "stat[e] of the art" filter but

have not taken measures to correct the situation with poisonous water. (Doc. 1 at 3). As a result, Plaintiff is forced to drink water that is killing him. (Doc. 1 at 3).

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff lists KVSP's Warden, K. Harrington, as a Defendant but fails to mention Defendant's alleged unconstitutional conduct anywhere else in his complaint. If Plaintiff intends to pursue claims against Defendant Harrington, he must clarify how Defendant Harrington participated in the deprivation of Plaintiff's constitutional or other federally protected rights. *Nurre v. Whitehead*, 580 F.3d 1087, 1093 (9th Cir 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

**B. Eighth Amendment Deliberate Indifference to Health and Safety**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31.

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the

objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. Substantial deprivations of shelter, food, drinking water or sanitation are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See Johnson v. Lewis*, 217 F.3d 726, 731-33 (9th Cir. 2000); *see also Helling v. McKinney*, 509 U.S. 25, 33. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *See, e.g.*, *Farmer*, 511 U.S. at 834 (inmate safety); *Helling*, 509 U.S. at 32-33 (inmate health); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health).

Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-36 & n. 4; *see also Estelle*, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make non-conclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567-68 (9th Cir.2002) (applying standard to *Bivens* Eighth Amendment claim).

Plaintiff fails to state a claim upon which relief may be granted due to the conclusory nature of his allegations. *See e.g.*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51 (2009); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Since it appears that Plaintiff used hyperbole in his conclusory allegations, it may be possible for Plaintiff to correct this shortcoming by amending the complaint. *See Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir.2001); *White v. Monohan*, 326 Fed.Appx. 385 (7th Cir. 2009) (unpublished). If Plaintiff chooses to amend the complaint, he should try to explain some if not all of the following: 1) how Plaintiff knows there is an unconstitutional problem with the water; 2) how the problem with the water is caused; 3) which prison official(s) knew about the water; 4) how does Plaintiff know that

1  the prison official(s) knew about the water; and 5) how has the prison officials responded once they
2  knew about the water condition.

### III.  Conclusion and Order

Plaintiff's complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff one opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal* at 1948-49; *Jones*, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

///
///
///
///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 26, 2011

UNITED STATES MAGISTRATE JUDGE