# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY L. BELL,<br><br>    Plaintiff,<br><br>v.<br><br>K. HARRINGTON,<br><br>    Defendant. | Case No. 1:10-cv-00714-AWI-SAB<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S CLAIMS BE DISMISSED WITH PREJUDICE**<br><br>ECF NO. 15<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

## INTRODUCTION

Plaintiff Corey L. Bell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court finds that Plaintiff's amended complaint fails to state any cognizable claims. The Court further finds that the deficiencies in Plaintiff's claims cannot be cured by amendment. The Court recommends that Plaintiff's claims be dismissed with prejudice.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that
2  "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
3  1915(e)(2)(B).

4  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

9  Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

20  Plaintiff names K. Harrington (warden), S. Lopez (chief medical official), A. Hedgepeth (former warden), and Does 1-5 (CDCR employees) as defendants. (First Am. Compl. 2:2-18.) Plaintiff is a state prisoner and was incarcerated at Kern Valley State Prison ("KVSP") at the time of the events described in his complaint. (First Am. Compl. 4:13-14.)

24  Plaintiff alleges that "[i]n December of 2008, the drinking water supply at KVSP[] was cited by the State Department of Public Health (DPH) for arsinic[sic] contamination that exceeded twice the maximum allowable level for drinking." (First Am. Compl. 2:21-24.) Plaintiff further alleges that "KVSP Administration sent out warnings to staff and prisoners" and "staff were able to drink bottled water while plaintiff, and other prisoners similarly situated were

1  forced to drink the contaminated water for another 2 years." (First Am. Compl. 2:25-28.)
2  Plaintiff alleges that "DPH ordered KVSP to come into compliance with a corrective plan by
3  February 1, 2009[,] [w]hich they failed to do." (First Am. Compl. 3:6-7.) Plaintiff further alleges
4  that "defendants were aware the whole time that arcenic[sic] causes cancer, yet they did nothing
5  to provide clean drinking water for prisoners." (First Am. Compl. 3:9-10.) Plaintiff contends that
6  he suffered from dehydration, nausea and headaches because he was not given clean drinking
7  water and his "stomach still is affected even though he was transfer[r]ed to a different CDCR
8  institution in August 2010." (First Am. Compl. 4:16-17.)

9  Plaintiff seeks declaratory relief, compensatory damages, punitive damages and an award
10 of costs and expenses.

## IV.

## DISCUSSION

### A.   Eighth Amendment Deliberate Indifference Claims

Plaintiff raises claims under Section 1983 for the violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff's amended complaint fails to state any claims under the Eighth Amendment against any defendant. Plaintiff fails to allege a causal link between any of the defendants and the harm Plaintiff allegedly suffered. Plaintiff does not allege any specific action or inaction by any

of the defendants and instead only vaguely alleges that each defendant "did nothing." (Am. Compl. 3:10-11.) Moreover, Plaintiff does not allege any specific facts that plausibly support the conclusion that any individual defendant had actual knowledge of a substantial risk of serious harm or actually believed that one existed. Notably, Plaintiff alleges that K. Harrington was the warden at KVSP "during all times mentioned in the complaint" and that A. Hedgpeth was a former warden. It is unclear how Hedgpeth is liable simply because he is a former warden during some undisclosed period of time at KVSP. Plaintiff alleges that S. Lopez was the chief medical officer, but fails to explain how he/she has any involvement in the drinking water issues at KVSP.

Furthermore, Plaintiff does not allege any specific acts by any individual that put Plaintiff in harm's way and does not allege any actions that any specific individual should have taken but did not. Plaintiff does not identify how any of the named defendants caused or contributed to the drinking water problem or caused or contributed to any delay in the rectification of the drinking water problem. Even assuming, for the sake of argument, that the drinking water issue rises to the level of an Eighth Amendment violation, Plaintiff fails to allege any facts that show how any of the individuals named in this lawsuit are responsible for the problem. Accordingly, Plaintiff fails to state any cognizable claims.

**B.    Dismissal Without Leave To Amend**

The Court must grant leave to amend, even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Generally, the Court may dismiss a complaint with prejudice where the plaintiff was previously notified of the deficiencies in the claims and given leave to amend, but did not cure them. See Hendon v. Witcher, 308 Fed. Appx. 43, 44-45 (9th Cir. 2008).

Here, the Court dismissed Plaintiff's original complaint on April 27, 2011 and expressly informed Plaintiff that, to state a cognizable claim, he must allege how each defendant personally participated in the deprivation of Plaintiff's constitutional rights. (ECF No. 14.) Since Plaintiff failed to cure these same deficiencies in his amended complaint, the Court finds that these deficiencies are not capable of being cured by granting further leave to amend. The Court will

dismiss Plaintiff's complaint with prejudice.

## V.

## CONCLUSION AND RECOMMENDATION

As set forth above, the Court finds that Plaintiff's amended complaint fails to state any cognizable claims. The Court further finds that Plaintiff's claims are not capable of being cured by granting further leave to amend.

Based upon the foregoing, it is HEREBY RECOMMENDED that Plaintiff's amended complaint be DISMISSED WITH PREJUDICE.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2013**

UNITED STATES MAGISTRATE JUDGE